**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELA HERNANDEZ, individually and as a successor in interest to Steven Schiltz, deceased,<br><br>              Plaintiff-Appellant,<br><br>    v.<br><br>CITY OF HUNTINGTON BEACH; et al.,<br><br>              Defendants-Appellees. | No.   18-56127<br><br>D.C. No.<br>8:17-cv-01257-AG-KES<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted November 8, 2019
Pasadena, California

Before:  SCHROEDER and FRIEDLAND, Circuit Judges, and SILVER,** District Judge.

Steven Schiltz's mother ("Plaintiff") brought a lawsuit against Huntington

Beach police officers Trevor Jackson and Casey Thomas ("Defendants") alleging

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

that their fatal shooting of Schiltz violated federal and state law. The district court granted summary judgment for Defendants on all claims. We affirm in part and reverse in part.

**1.** Summary judgment was appropriate on Plaintiff's Fourth Amendment excessive force claim. Schiltz was bloody, and was wielding a sharp stick[1] and haphazardly moving at people on the soccer field, including children. His actions were frightening enough that parents were attempting to stop Schiltz with branches and a goal post. Schiltz was holding the sharp stick while he was on the soccer field and after he climbed the bleachers near a mother and her son, and was still holding it at the time of the shooting. Even assuming the stick was sharp and that Schiltz's conduct on the field had caused fright, a jury could find that Defendants violated the Fourth Amendment by shooting Schiltz when, viewing the evidence in the light most favorable to Plaintiff, Schiltz was sitting or kneeling and was too far away from bystanders and Defendants to immediately hurt them with the stick he was brandishing. *See S.B. v. County of San Diego*, 864 F.3d 1010, 1014 (9th Cir. 2017) (holding a jury could find a deputy used excessive force when the deputy shot a man who was kneeling several feet away from another deputy as soon as the

---

[1] Jackson testified that Schiltz appeared to be holding a sharp stick. Because Plaintiff has failed to present any specific evidence to the contrary or raise real doubts about Jackson's credibility, we treat it as uncontested that the stick was sharp. Although Defendants' counsel stated at oral argument that he believes pictures of the stick were taken, none of these pictures are in the record.

man grabbed a knife from his back pocket).

But at the time of the shooting, it was not clearly established that Defendants violated the Constitution by shooting Schiltz when he was holding a sharp stick in a threatening manner[2] several feet away from bystanders. Defendants shot Schiltz after he had disobeyed Jackson's orders, and had moved toward people on the soccer field while bloody, creating a situation that eyewitnesses later described as frightening, especially in light of the fact that children were present. Our decision in *S.B.*, which was issued after the shooting in this case occurred, concluded that it was not clearly established that conduct similar to Defendants' violated the Fourth Amendment. *See* 864 F.3d at 1015-17. Without any other case that could have put Defendants on notice that their use of force was excessive, we follow *S.B.* and hold that Defendants are entitled to qualified immunity.

**2.** The district court did not err in granting summary judgment on Plaintiff's Fourteenth Amendment familial association claim. Because Defendants made "snap judgment[s] . . . [in] an escalating situation," Plaintiff can only prevail on her Fourteenth Amendment claim by showing that Defendants "act[ed] with a purpose

---

[2] The eyewitness whose testimony is most favorable to Plaintiff testified that, before the first round of shots, Schiltz was holding the stick in a "threatening manner." With respect to the second round of shots, the only specific testimony about Schiltz's handling of the stick is from Defendants. The testimony most favorable to Plaintiff is that Schiltz was holding the stick such that it appeared he might strike bystanders.

3

to harm unrelated to legitimate law enforcement objectives." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). There are cases where "a use of force might be so grossly and unreasonably excessive that it alone could evidence a subjective purpose to harm." *S.R. Nehad v. Browder*, 929 F.3d 1125, 1140 (9th Cir. 2019). But Defendants' shooting of Schiltz, who frightened onlookers during an incident in which he brandished a sharp stick with bystanders nearby, does not rise to that level, and there is no other evidence here of a subjective purpose to harm. *See Zion v. County of Orange*, 874 F.3d 1072, 1076-77 (9th Cir. 2017) (holding that an officer did not violate the Fourteenth Amendment when he shot an apparently injured person who was lying on the ground and was "making no threatening gestures").

**3.** The district court erred in granting summary judgment on Plaintiff's California law battery and negligence claims. The parties agree that Plaintiff's battery claim rises and falls with the question whether Defendants used excessive force in violation of the Fourth Amendment. *See Vos v. City of Newport Beach*, 892 F.3d 1024, 1038 (9th Cir. 2018); *Ting v. United States*, 927 F.2d 1504, 1510-11, 1514 (9th Cir. 1991). And we have explained that "negligence claims under California law encompass a broader spectrum of conduct than excessive force claims under the Fourth Amendment." *Mulligan v. Nichols*, 835 F.3d 983, 991 (9th Cir. 2016). Because a jury could find that Defendants violated the Fourth

4

Amendment in shooting Schiltz, a jury could also find Defendants liable for battery and negligence.

**4.**  Summary judgment was appropriate on Plaintiff's claim alleging a violation of California's Bane Act.  To prevail on her Bane Act claim, Plaintiff must show that Defendants had a "specific intent to violate" the Fourth Amendment.  *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (quoting *Cornell v. City and County of San Francisco*, 225 Cal. Rptr. 3d 356, 384 (Ct. App. 2017)).  Defendants' shooting of Schiltz when he was brandishing a sharp stick with bystanders nearby does not evince such intent.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.  The parties shall bear their own costs on appeal.

*Hernandez v. City of Huntington Beach*, No. 18-56127

Schroeder, Circuit Judge, dissenting in part:

I respectfully dissent from my colleagues' decision affirming the district court's grant of qualified immunity to the officers on the federal claims. The law has been clearly established for decades that deadly force is justified only when an individual poses "an immediate threat to the safety of the officers or others." *Graham v. Connor*, 490 U.S. 386, 396 (1989). It is equally well established that force is not justified when there is no such threat, *see, e.g., Price v. Sery*, 513 F.3d 962, 971 (9th Cir. 2008), where we said: "Our case law requires that a reasonable officer under the circumstances believe herself or others to face a threat of serious physical harm before using deadly force." These principles are undisputed.

The pertinent facts are clear. There was no deadly weapon. *Cf. S.B. v. County of San Diego*, 864 F.3d 1010 (9th Cir. 2017) (knives). Schiltz was armed at most with a pointed stick, and was at least five feet from any bystander. The most that can be said is that the decedent frightened bystanders. His conduct did not rise to the level of an immediate threat. The officers, in my view, should not be granted immunity on the theory that we do not yet have a decision saying the obvious.

1